F. G. SATTERFIELD, J. S. SATTERFIELD AND WALKER STONE, FOR-
MERLY TRADING AND DOING BUSINESS AS SATTERFIELD & STONE, CRED-
ITORS OF THE ESTATE OF SALLIE A. RIGSBEE, IN THEIR OWN BEHALF
AND IN BEHALF OF ALL OTHER CREDITORS OF SAID ESTATE, PLAINTIFFS, V.
JOHN T. MANNING, SUCCESSOR ADMINISTRATOR OF THE ESTATE OF
SALLIE A. RIGSBEE, DECEASED; MATTIE T. BITTING (DIVORCED);
ROSA L. FULFORD AND HUSBAND, W. A. FULFORD; ZOA L. HAY-
WOOD (WIDOW); MARY E. MIDDLETON (WIDOW); WILLIS BRIGGS,
GUARDIAN OF MARY E. MIDDLETON; R. H. RIGSBEE AND WIFE, LELIA
H. RIGSBEE; S. C. BRAWLEY, JR., ADMINISTRATOR C. T. A. OF THE
ESTATE OF W. T. RIGSBEE, DECEASED; R. M. BUSSELL AND WIFE, IDA B.
BUSSELL; MRS. WYLANTA R. AYCOCK (WIDOW); WACHOVIA BANK
& TRUST COMPANY, TRUSTEE; A. L. CARVER AND WIFE, MURTIS P.
CARVER; CARL H. COZART AND WIFE, EVELYN F. COZART; WIL-
LIAM W. COZART AND WIFE, LUCY F. COZART; WILLIE L. CURRIN
AND WIFE, ILA F. CURRIN; NORTHWOOD REALTY COMPANY; DUR-
HAM BANK & TRUST COMPANY; HOME SECURITY LIFE INSUR-
ANCE COMPANY; C. S. HICKS, TRUSTEE; THE LIFE & CASUALTY
INSURANCE COMPANY OF TENNESSEE, INCORPORATED; SYDNEY
F. KEEBLE, TRUSTEE; OCCIDENTAL LIFE INSURANCE COMPANY OF
RALEIGH, NORTH CAROLINA; C. E. HYRE, TRUSTEE, DEFENDANTS.

(Filed 30 January, 1948.)

APPEAL by certain of the defendants from *Bone, J.,* at October Term, 1947, of DURHAM. Reversed.

This was an action by the plaintiffs as creditors of the estate of Sallie A. Rigsbee, deceased, to require the sale of certain real property of which it was alleged she died seized, to make assets to pay the debts of the estate. The defendants, Mrs. Zoa L. Haywood, Willis Briggs, guardian of Mary E. Middleton, R. H. Rigsbee and wife, Rosa L. Fulford and husband, Mattie T. Bitting, and The Life and Casualty Insurance Co. and Keeble, Trustee, demurred to the complaint for the reasons stated in the demurrer, and, from judgment overruling their demurrer, these defendants appealed.

*Fuller, Reade & Fuller, Basil M. Watkins, and James L. Newsom for plaintiffs, appellees.*

*Brawley & Brawley, Egbert L. Haywood, and Victor S. Bryant for defendants, appellants.*

DEVIN, J. In view of the opinion in *Satterfield v. Manning, ante,* 467, holding that the demurrer to the complaint in that action should have been sustained, and that thus the alleged rights of the plaintiffs as creditors of the estate of Sallie A. Rigsbee were not upheld, it follows

SATTERFIELD *v.* MANNING.

that plaintiffs' proceeding as creditors against certain real estate of the decedent must fail.

For this reason, the judgment below must be

Reversed.

SCHENCK, J., took no part in the consideration or decision of this case.